Turley, J.
delivered the opinion of the court.
This is an indictment against Stephen Haynes, the plaintiff in error, under the act of 1837-8, ch. 137, passed to prohibit persons from wearing under their clothes or concealed about their persons, any bowie knife, Arkansas tooth pick, or other knife or weapon in form, shape or size, resembling such bowie knife or Arkansas tooth pick. The bill of indictment contains two counts. The second, upon which the conviction took place, charges, “that the defendant, with force and arms, did unlawfully wear a knife in size, resembling a bowie knife, concealed under his clothes.”
The design of the statute was to prohibit the wearing of bowie knives and others of a similar description, which the experience pf the country.had proven to-be extremely dangerous and destructive to human life; the carrying of which by truculent and evil disposed persons but too often ended in assassition. To have undertaken a war against the name of the knife, the legislature wete aware would have been useless and unavailing, as it could and would have been changed for the emergency as often as legislative provisions might make it neces-saxy; therefore, it is the thing that is provided against, not the name, it being equally dangerous, either as bowie knife, Arkansas tooth pick, Mexican pirate knife, aut quocmque nomine gaudet. The act, therefore, wisely provides against bowie knives, Arkansas tooth picks, or any other weapon in form, shape or size, resembling them. But it is argued, that this is too indefinite; and that absurd consequences must follow its enforcement, for a small pocket knife, which is innoxious, may be made to resemble in form and shape a bowie knife or Arkansas tooth pick, the carrying of which, under the words of the statute, would subject the offender to its penalties. To this it is to be answered,, that the carrying of such a knife is not within the evil intended to be remedied by the statute, and that *123 though within the words, it is not within the spirit and meaning of the law, that statutes of this character though strictly construed in favor of offenders, as being highly penal, are not construed according to the letter, but according to their spirit, for the purpose of suppressing the evil, and are like the statute spoken of by Blackstone in his Commentaries, which inflicted the punishment of death upon any individual who should draw blood in the streets, which he holds by .a legitimate construction, not to apply to the case of a physician who should open a vein for an invalid in the streets, it not being within the spirit and meaning of the statute, though within its letter. So of the statute under consideration. The design, meaning, and intent was to guard against the destruction of human life, by prohibiting the wearing, heavy, dangerous, destructive knives, the only use of which is to kill; and to hold that it applied to knives used’altogether for lawful purposes, and such as peaceable persons, not given to brawling and stabbing, carry in their pockets, would be a violation of sense and of every rule of construction as applicable to statutes of this kind. The maxim, quihceretin Hiera, hceret in cortice, is as well applicable to penal statutes as to remedial.
But it may be asked, what is to protect against conviction, when the words of the statute cover the charge, and its true spirit and meaning does not?
We answer, the judge and jury who try the case. We cannot presume that the latter would find, or the former permit a verdict to stand, where the offence charged was not of the character designed to be prohibited by the statute.
On the trial of the case, two knives were produced, one is admitted to have been a bowie knife, the other is called by some of the witnesses a Mexican pirate knife; they are both shown to be heavy, deadly weapons, as the. name of the latter clearly indicates; there is some difference in the shape, and the bowie knife is the largest; the proof shows that bowie knives are of different sizes, according to the fancy or strength of the person who may design to wield them, but all and every one of them calculated to produce-death at a blow; so is the Mexican pirate knife, which does in size resemble a bowie knife, which it may *124 do without being actually as heavy or as large as a bowie knife. The knife produced on the tidal and called a Mexican pirate knife, which is the knife found upon the prisoner, is shown to have been of a very deadly character; such an one as by unskilled individuals, would be. called a bowie knife, (as it was by some of the witnesses,) but by connoisseurs a Mexican pirate knife. The jury therefore did not find the defendant guilty of carrying concealed a bowie knife, but a knife in size resembling a bowie knife, and we think the testimony well warranted the verdict.
Some affidavits have been introduced on the motion for a new trial, but they only go to the facts, of the name of the knife, viz, Mexican pirate, and that such was the knife taken from the defendant. These facts, if proven as stated in the affidavit, would not change the merits of the case, the jury having found the defendant guilty, not of carrying a bowie knife, but a knife in size resembling a bowie knife, which the pirate knife does. This testimony, therefore; could not vary the verdict, as it is .found upon the very same facts disclosed in the affidavit.
We, therefore, affirm the judgment of the Circuit Court.